Mr. R. Brannon Sloan, Jr. Dodds, Kidd Ryan
313 West Second Street Little Rock, Arkansas 72201
Dear Mr. Sloan:
You have requested my opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2009), a section of the Arkansas Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 — 110 (Repl. 2002 and Supp. 2009), concerning the release of certain employment records in response to a FOIA request. You state that your office represents a terminated employee of the Arkansas Arts Center who is currently appealing a determination by the Arkansas Department of Workforce Services regarding his termination. You report that a request has been made under the FOIA for the Art Center's release of the terminated employee's personnel file, and you ask the following specific questions:
 1. Are the records of the Arkansas Arts Center considered public records which shall be opened to inspection and copying of any citizen of the United States as defined in Arkansas Code Ann. § 25-19-105?
 2. If the answer to (1) is yes, then is the Arkansas Arts Center restricted from releasing memorandums and correspondence specifically related to the determination made by Arkansas Workforce Services regarding [the terminated employee's] unemployment claim?
 3. Is there a process to redact information which is not disclosable under § 11-10-314(a)(1) if located in an employee's personnel file? *Page 2 
 RESPONSE
I am neither authorized nor equipped to perform the inquiry necessary to answer your first question, which turns on various factual considerations. It is my understanding, however, that the Arts Center intends to provide access to the requested records, after redacting items or records that it has determined are exempt from disclosure. This may suggest that the Arts Center acknowledges that it is an entity subject to the FOIA. In any event, while I make no conclusion as to the applicability of the FOIA to the Arts Center, I will assume such applicability for purposes of addressing your questions. As explained further below, the answer to your second question depends upon the particular records, and their proper classification under the FOIA. The answer to your third question is generally "yes," in my opinion.
DISCUSSION
 Question 1 — Are the records of the Arkansas Arts Centerconsidered public records which shall be opened to inspection andcopying of any citizen of the United States as defined in ArkansasCode Ann. § 25-19-105?
The question of whether the Arkansas Arts Center is subject to the FOIA, and to what extent, is a factual one falling outside the scope of this opinion.[1] The FOIA can apply to nongovernmental or private entities, but only if (1) they are "wholly or partially supported by public funds or expending public funds"[2]
and (2) their activities are sufficiently "intertwined" with the activities of government.[3] In summarizing the test with respect to private organizations, two recognized authorities on the FOIA have observed:
 As the Supreme Court has recognized . . . the FOIA should apply when the government `seeks to conduct its affairs through private *Page 3 
entities,' for in that situation `the entities are for all practical purposes the government itself.' [Footnote omitted.] Or, as the Attorney General has put it, the FOIA covers a publicly funded organization that enjoys a `symbiotic relationship' with the state or its political subdivisions: `[w]hen the activities of a private organization and the government become intertwined, the private organization may well render itself part of the State for [FOIA] purposes.' [Footnote omitted.]
THE ARKANSAS FREEDOM OF INFORMATION ACT,supra at 63 (quoting Edmark, supra at n. 3 and Op. Att'y Gen. 1983-163.)
The factual nature of the test prevents me from drawing any legal conclusions concerning the Arkansas Arts Center. I refer you instead to the above sources for insight into the relevant legal test that must be applied under the particular surrounding facts and circumstances.
Question 2 — If the answer to (1) is yes, then is the ArkansasArts Center restricted from releasing memorandums and correspondencespecifically related to the determination made by Arkansas WorkforceServices regarding [the terminated employee's] unemploymentclaim?
Although I am unable for the reasons discussed above to answer your first question with a simple "yes" or "no," I will proceed to address this question under the assumption that the FOIA is applicable.
The answer depends, in my opinion, upon the proper classification of the memoranda and correspondence at issue. Not having seen any actual records or been apprised of the particular surrounding facts, I cannot opine on the release of any specific record. As your question suggests by referencing a determination by Arkansas Workforce Services, the Department of Workforce Services Law contains a confidentiality requirement that can constitute an exception to the FOIA for specific types of information.[4] The requirement applies to "information obtained by the Director of the Department of Workforce Services from any employing unit or individual pursuant to the administration of this chapter and any determination as to the rights or status of any employer or individual made by the *Page 4 
director. . . ." Id.[5] As several of my predecessors had occasion to note, this confidentiality requirement constitutes an exception to the FOIA for the specific types of information identified by the requirement. Ops. Att'y Gen. 2004-037, 2003-073, 2001-040.[6] My immediate predecessor also opined that this exception extends to a copy of such information that is retained by the employing unit. Op. 2003-073. This latter opinion involved a letter written by a mayor to the Department of Workforce Services (formerly known as the "Arkansas Employment Security Department" or "AESD") relating to the former chief of police's application for unemployment benefits. My predecessor stated the following in concluding that the letter was exempt from disclosure under the FOIA:
 Although A.C.A. § 11-10-314 exempts from disclosure only information "obtained by the Director," I believe common sense compels the conclusion that this exemption extends to any copy of such information retained by the employing unit. To conclude otherwise would be virtually to gut the exemption, since employing units can be expected to retain copies of such information in the ordinary course of business. This office has previously opined that, if the circumstances warrant, an exemption applicable to public records can follow those records into the hands of a third party. See attached Ark. Op. Att'y Gen. No. 2001-172 and opinions discussed therein. Conversely, my predecessor likewise opined that the exemption might apply to documents obtained or generated by a third party to benefit or assist a public entity like the AESD. Extrapolating from this principle, I believe a document generated by a public official like the mayor solely for the purpose of enabling the AESD to perform its duties would be exempt from disclosure by both the mayor and the AESD.
Op. Att'y Gen. 2003-073 at 4. *Page 5 
I fully concur. With regard to the "memorandums and correspondence" referenced in your question, your statement that they are "specifically related to" a determination by Workforce Services" is insufficient, in my opinion, to establish their exemption from disclosure pursuant to Workforce Services Law. As explained above, that law's exemption applies to "information obtained by the director . . . and any determination . . . made by the director. . . ." While I agree with my predecessor that this would include such information retained by the employing unit, and perhaps specifically in a personnel file, the exemption will not apply unless it is first established that the information was "obtained by the director." I am unaware of whether that is the case with respect to the records you have referenced.
As a final note in response to this question, it should be recognized that depending upon their proper classification, the records might be subject to a specific exemption under the FOIA, i.e., separate from the Workforce Services Law exemption. The records may be "personnel records," which the FOIA requires be disclosed unless their release would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2009). Or they may constitute "employee evaluation or job performance records" under the FOIA, the test for the release of which involves three elements: finality, relevance, and a "compelling public interest" in disclosure. A.C.A. 25-19-105(c)(1) (Supp. 2009). Because I have not seen the records and I am unaware of the custodian's decision with respect to their release, I cannot opine on the release of any specific record. My review must instead be limited to noting the relevant legal tests to be applied in determining whether records typically maintained in a personnel file are subject to release under the FOIA. Both tests are discussed in numerous opinions of this office. Rather than detailing the relevant tests for the classification and disclosure of these types of employment records, I refer you to the enclosed Op. Att'y Gen. 2010-038, which was recently issued in response to questions surrounding a request for access to a former employee's personnel file. This opinion should offer sufficient guidance regarding the legal tests to be applied in assessing the particular records at issue.
Question 3 — Is there a process to redact information which isnot disclosable under § 11-10-314(a)(1) if located in an employee'spersonnel file?
Generally yes. See discussion above in response to Question 2. *Page 6 
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:EAW/cyh
[1] Compare Op. Att'y Gen. 2006-086 (explaining why an opinion could not be rendered on whether, or to what extent, Arkansas Children's Hospital is subject to the FOIA.)
[2] A.C.A. § 25-19-103(5)(A) (Supp. 2009). The funding element is satisfied only if there is a direct transfer to the private organization of money belonging to the government. SebastianCounty Chapter of American Red Cross v. Weatherford,311 Ark. 656, 846 S.W.2d 641 (1993).
[3] City of Fayetteville v. Edmark,304 Ark. 179, 801 S.W.2d 275 (1990); e.g. Ops. Att'y Gen. 2008-154, 2007-227, 2001-352, 1998-139, 1996-287; John J. Watkins Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT 64 (5th ed., Arkansas Law Press 2009).
[4] A.C.A. § 11-10-314(a)(1) (Supp. 2009).
[5] See also A.C.A. § 11-10-106(d) (Repl. 2002) (imposing criminal penalties on anyone who unlawfully discloses information which the Department of Workforce Services obtained from an employing unit or individual pursuant to the administration of the Workforce Services Law.)
[6] The FOIA contains a so-called "catch-all" exemption that incorporates all exemptions contained in "laws specifically enacted to provide otherwise." A.C.A. § 25-19-105(a)(1)(A) (Supp. 2009).